UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ANDRES CHALCO-BELTRAN,<br><br>Petitioner,<br><br>-v-<br><br>LADEON FRANCIS *et al.*<br><br>Respondents. | 25 Civ. 9208 (PAE)<br><br>ORDER GRANTING<br>PRO BONO COUNSEL |

PAUL A. ENGELMAYER, United States District Judge:

On November 4, 2025, petitioner Carlos Andres Chalco-Beltran ("Chalco-Beltran") brought a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, arguing his detention by respondents violated the Constitution's Due Process Clause and the Administrative Procedure Act. Dkt. 1 ("Petition").[1] The Petition alleged that, at the time of its filing, Chalco-Beltran was being held at 26 Federal Plaza in this District. Petition ¶ 11–14.

## DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. The Second Circuit provides that *pro bono* counsel may be appointed upon consideration of: (1) whether the party's claim has substantial merit, (2) whether the nature of the factual issues requires an investigation, and the party's ability to investigate is inhibited, (3) whether the claim's factual issues involve questions of credibility, which draws on the skills of those trained in presentation of evidence and cross examination, (4) the party's overall ability to present its case, and (5) whether the legal issues presented are complex. *See Hodge v. Police Officers*, 802

---

[1] The petition was filed on behalf of Chalco-Beltran by his aunt, Eva Magdalena Chalco Chango, consistent with the proper pursuit of relief under § 2242 of someone "acting in [petitioner's] behalf." *See* 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *Doe v. Hochul*, 139 F.4th 165, 178 (2d Cir. 2025).

F.2d 58, 61–62 (2d Cir. 1986); *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Chalco-Beltran. Principally, the location of Chalco-Beltran's detention, both presently and at the time of the Petition's filing, implicates complex jurisdictional and other legal analyses. Moreover, Chalco-Beltran's abilities to present his case and conduct any related fact-finding are significantly limited due to his detention and the nature of his petition. Representation, in this case, would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Chalco-Beltran in this case. For avoidance of doubt, the Court does not have the authority to "appoint" counsel, but instead, may "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). The Court further notes that there is no guarantee that a volunteer attorney will decide to take the case and, should Chalco-Beltran decline the services of the volunteer, there is no guarantee another attorney may be secured. Chalco-Beltran should be prepared to proceed *pro se*. To the extent an attorney volunteers, that attorney will contact Chalco-Beltran, or his next friend, directly.

If Chalco-Beltran has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court forthwith.

The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Chalco-Beltran in this case. The Clerk of Court is further directed to send by regular mail a copy of this order to the Chalco-Beltran in care of his next friend, Eva Magdalena Chalco Chango.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 6, 2025
         New York, New York

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge